```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ROBERT LOWINGER,                   x
                                   x      08 Cv. 3516 (SWK)
         Plaintiff                 x
                                   x
         -against-                 x
                                   x
GLOBAL CASH ACCESS HOLDINGS, INC., x
et al.,                            x
                                   x
         Defendants;               x
                                   x      OPINION AND ORDER
CITY OF RICHMOND RETIREMENT        x
SYSTEM,                            x
                                   x
         Plaintiff                 x
                                   x
         -against-                 x
                                   x
GLOBAL CASH ACCESS HOLDINGS, INC., x
et al.,                            x
                                   x
         Defendants.               x
-----------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

Before the Court is a class action complaint alleging that Global Cash Access Holdings, Inc. ("GCA" or the "Company"), several of its officers and directors, its co-lead underwriters, and two institutional shareholders (collectively, the "defendants") committed securities fraud. After initially filing separate motions for appointment as lead plaintiff and appointment of lead counsel, two movants now stipulate and ask the Court to appoint City of Richmond Retirement System ("Richmond") as lead plaintiff, and to designate Grant &

Eisenhofer P.A. ("Grant & Eisenhofer") as lead counsel. For the reasons that follow, the Court approves the stipulation.

## I.    BACKGROUND

On April 11, 2008, plaintiff Robert Lowinger ("Lowinger") filed a complaint on behalf of individuals who purchased GCA common stock pursuant or traceable to the Company's initial public offering ("IPO") and continued to hold such stock on November 14, 2007. (Compl. ¶ 16.) The complaint alleges that the defendants made materially misleading statements relating to the IPO, which took place on September 22, 2005. (Compl. ¶ 1.) The complaint seeks recovery for resulting violations of sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "1933 Act"). (Compl. ¶ 2.)

On May 22, 2008, Richmond published notice on the PRNewswire of its intent to move for appointment as lead plaintiff in this litigation. (See Richmond's Mot., Declaration of Michael J. Barry ("Barry Decl.") Ex. C.) Richmond also stated its intention to expand the proposed class to include all purchasers of GCA shares between and including September 22, 2005, and November 14, 2007, regardless of whether the shares were traceable to the IPO. (Barry Decl. Ex. C.) Furthermore, Richmond stated in its notice that, if it is appointed as lead plaintiff, it will file a consolidated class action complaint that alleges both the 1933 Act violations enumerated by Lowinger

2

and violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"). (Barry Decl. Ex. C.)

On June 10, 2008, Richmond filed a competing motion for appointment as lead plaintiff, see 08 Cv. 3516 (SWK), Dkt. No. 16, as well as its own class action complaint, which contains claims of fraud stemming from (1) the IPO; (2) a Secondary Offering, which took place on May 24, 2006; and (3) various other materially misleading statements in publications and filings allegedly made or controlled by the defendants. See City of Richmond Ret. Sys. v. Global Cash Access Holdings, Inc., 08 Cv. 5317 (SWK), Dkt. No. 1. On June 19, 2008, the two movants filed a stipulation stating that Richmond should serve as lead plaintiff in this litigation (the "Lead Plaintiff Stipulation").

## II.   THE TWO RELATED CLASS ACTIONS ARE HEREBY CONSOLIDATED

It is well settled that a court, either upon motion or sua sponte,[1] may consolidate actions that involve common issues of law or fact. Fed. R. Civ. P. 42(a); Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." Glauser v. EVCI Ctr. Colls. Holding

---

[1] Although neither Lowinger nor Richmond has formally moved for consolidation of the two cases, the parties' stipulation and proposed scheduling order, submitted on June 23, 2008, calls for consolidation.

Corp., 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (citation and internal quotation marks omitted); accord Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992).

The two complaints under consideration were filed on behalf of individuals who purchased GCA securities between and including September 22, 2005, and November 14, 2007. The complaints rest their claims of fraud on essentially identical public statements and reports, and seek recovery for resulting violations of sections 11, 12(a)(2), and 15 of the 1933 Act. Moreover, there is no indication that any of the defendants will be prejudiced by consolidation. Finally, Richmond's more expansive definition of the class, allegations of additional securities law violations, and inclusion of additional defendants do not make consolidation of the two cases inappropriate. See Pinkowitz v. Elan Corp., 02 Cv. 865 (WK), 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002); Skwortz v. Crayfish Co., 00 Cv. 6766 (DAB), 2001 WL 1160745, at *2 n.3 (S.D.N.Y. Sept. 28, 2001); In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998); Werner, 797 F. Supp. at 1211. The Court therefore concludes that consolidation is warranted and consolidates the two class actions, Lowinger v. Global Cash Access Holdings, Inc., 08 Cv. 3516 (SWK), and City of Richmond Retirement System v. Global Cash Access Holdings, Inc., 08 Cv.

4

5317 (SWK), under the caption "<u>In re Global Cash Access Holdings, Inc. Securities Litigation</u>." All relevant filings and submissions shall be maintained as one Master File under No. 08 Cv. 3516 (SWK).

Furthermore, any action involving a common question of law or fact subsequently filed in or transferred to this District shall be consolidated for all purposes under the Master File Number assigned to the consolidated action. A party objecting to the consolidation of any such new case may move for relief from this Order within ten (10) days after the date upon which a copy of this Order or the order of assignment is mailed to counsel for such party.

## III. RICHMOND IS HEREBY APPOINTED AS LEAD PLAINTIFF

The Private Securities Litigation Reform Act of 1995 ("PSLRA") specifies the basic procedure for requesting appointment as lead plaintiff in a class action suit arising under the 1934 Act. In pertinent part, the PSLRA provides that the plaintiff who files the initial complaint must issue notice to investors in a widely circulated, national, business-oriented publication or wire service, advising potential class members of the pendency of the lawsuit and the nature of the allegations, the purported class period, and putative class members' right to seek appointment as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A).

The PSLRA's requirements are satisfied in the instant case. Specifically, counsel for Lowinger filed legally sufficient notice on the Business Wire on the same date as the filing of the complaint. (See Lowinger's Mot., Declaration of Philip T. Taylor ("Taylor Decl.") Ex. A.) See Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313, 314 (S.D.N.Y. 2005) (indicating that Business Wire is "a national, business oriented newswire service, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i)"). Moreover, the movants timely filed their respective motions for appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(A), (B).

The Lead Plaintiff Stipulation reflects the movants' subsequent, joint conclusion that appointing Richmond by stipulation would serve the "interests of judicial economy and the administration of justice." (Lead Plaintiff Stipulation 2.) Efficiency is not the only concern at play, however. The PSLRA and Rule 23 require courts to consider several other factors. Therefore, the Court will conduct its own inquiry to determine whether Richmond is "capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i). Cf. In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (rejecting proposed group of lead plaintiffs, despite parties' universal agreement, when appointment of unrelated group members would not serve purposes of PSLRA).

In making this determination, the Court must presume that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class, so long as that person or entity otherwise satisfies the requirements of Rule 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc). Although Rule 23 generally consists of four requirements, the Court need only consider the Rule's "typicality" and "adequacy" prongs for purposes of appointing lead plaintiff. See Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citing authorities). In this context, the Court must find that the movant has made "a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." Glauser, 236 F.R.D. at 188 (citation and internal quotation marks omitted). The Court's analysis of these requirements demonstrates that Richmond is the presumptive lead plaintiff in this litigation.

Under the PSLRA, a party's financial interest is calculated by reference to several factors, including "(1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period." Constance Sczesny Trust, 223 F.R.D. at 323 (citation and internal quotation marks

omitted). During the relevant class period,[2] Richmond (1) purchased more shares than Lowinger; (2) purchased more net shares than Lowinger; (3) expended more net funds than Lowinger; and (4) suffered the larger approximate loss. (Compare Barry Decl. Sch. A with Compl., Lowinger Cert. ¶ 4; see also Richmond's Mot. 9 (alleging $181,875 in losses).) Richmond therefore has the larger financial interest in the litigation for purposes of the PSLRA.

Moreover, Richmond has made a sufficient showing of typicality to justify its appointment as lead plaintiff. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (citation and internal quotation marks omitted). The two complaints here allege that class members were injured because they purchased GCA securities at prices inflated by the defendants' fraudulent conduct, and the market subsequently corrected for this inflation. Richmond was

---

[2] Richmond defines the class period more broadly than does Lowinger, including in the class purchasers of GCA securities from September 22, 2005 through November 14, 2007, "whether or not such purchases are traceable to the Company's IPO" (the "Expanded Class Period"). (Richmond's Mot. 3.) In an order filed on June 18, 2008, the Court directed Lowinger to restate his financial interest using the Expanded Class Period. 08 Cv. 3516 (SWK), Dkt. No. 23. Lowinger's financial interest, however, remains the same even when calculated by reference to the broader class definition. (See Lowinger Amended Cert. ¶ 4.)

allegedly injured in the same way as were all class members--
i.e., Richmond purchased GCA securities at artificially inflated
prices and suffered injury when those prices fell due to
subsequent public disclosures. Therefore, for purposes of the
present motion for appointment of lead plaintiff, Richmond's
claims are typical of those of the class within the meaning of
Rule 23. See Fishbury, Ltd. v. Connetics Corp., 06 Cv. 11496
(SWK), 2006 WL 3711566, at *3 (S.D.N.Y. Dec. 14, 2006)
(collecting cases on typicality).

Further, Richmond has made the requisite showing of
adequacy of representation. Rule 23's adequacy requirement turns
on an examination of "(1) whether the proposed class counsel is
qualified, experienced, and generally able to conduct the
litigation; (2) whether the proposed lead plaintiff has
interests that are antagonistic to other class members; and (3)
whether the proposed lead plaintiff and the class possess
sufficient interest to pursue vigorous prosecution of their
claims." Constance Sczesny Trust, 223 F.R.D. at 324 (citations
and internal quotation marks omitted). Here, Richmond's proposed
class counsel is a qualified, experienced, and able law firm
that has served as lead counsel or co-lead counsel in several
large securities cases in this District. Moreover, given that
Richmond advances the same claims as do other class members and
bases those claims on identical legal theories and factual

support, Richmond's interests are not antagonistic to those of the class. Furthermore, Richmond's large financial interest provides sufficient incentive for Richmond to vigorously prosecute the class's claims. Therefore, Richmond is an adequate class representative within the meaning of Rule 23.

In summary, Richmond has made a preliminary showing that it is the presumptive lead plaintiff under the PSLRA. No party has come forward to offer proof to rebut this presumption, nor does the Court's review of the record yield such proof. Thus, the Court appoints Richmond as lead plaintiff to prosecute the consolidated class action.

## IV. GRANT & EISENHOFER IS HEREBY APPOINTED AS LEAD COUNSEL

The PSLRA provides that, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Richmond moves to have their chosen counsel, Grant & Eisenhofer, appointed as lead counsel. Grant & Eisenhofer is a highly competent and respected law firm, specializing in federal securities and other complex class actions. (See Barry Decl. Ex. D.) The firm has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions. Thus, the Court has no objection to Richmond's selection of lead counsel and hereby appoints Grant & Eisenhofer as lead counsel.

## V.    CONCLUSION

The Court hereby (1) consolidates <u>Lowinger v. Global Cash Access Holdings, Inc.</u>, 08 Cv. 3516 (SWK), and <u>City of Richmond Retirement System v. Global Cash Access Holdings, Inc.,</u> 08 Cv. 5317 (SWK), under the caption "<u>In re Global Cash Access Holdings, Inc. Securities Litigation</u>, Master File No. 08 Cv. 3516 (SWK);" (2) appoints Richmond as lead plaintiff in the consolidated action; and (3) appoints Richmond's chosen counsel, Grant & Eisenhofer, as lead counsel in the consolidated action.


SO ORDERED.


_____
    SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE



Dated:    New York, New York
          June 26, 2008

11

## V.   CONCLUSION

The Court hereby (1) consolidates Lowinger v. Global Cash Access Holdings, Inc., 08 Cv. 3516 (SWK), and City of Richmond Retirement System v. Global Cash Access Holdings, Inc., 08 Cv. 5317 (SWK), under the caption "In re Global Cash Access Holdings, Inc. Securities Litigation, Master File No. 08 Cv. 3516 (SWK);" (2) appoints Richmond as lead plaintiff in the consolidated action; and (3) appoints Richmond's chosen counsel, Grant & Eisenhofer, as lead counsel in the consolidated action.

SO ORDERED.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          June 26, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/08

11